NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10106 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01385-DCB-BPV-1 |
| v. | |
| JUAN ALBERTO NUNEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 12, 2018[**]
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,[***] District Judge.

Appellant Juan Alberto Nunez stands convicted of four counts of

transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Now on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

supervised release following a brief custodial sentence, he appeals.

Nunez complains chiefly that the district court, in its final instructions to the jury, misstated an element of the crimes charged in the indictment. Our de novo review, *United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2017), focuses on whether incorporation of pattern Ninth Circuit Criminal Jury Instruction 5.6 (2014) in the final charge to the jury improperly lightened the government's burden of proof. It did not.

The crimes of conviction, under 8 U.S.C. § 1324(a)(1)(A)(ii), required proof that Nunez transported illegal aliens and did so either with knowledge or in reckless disregard of their status as illegal aliens. *See United States v. Rodriguez*, 880 F.3d 1151, 1158 (9th Cir. 2018). The language of the statute did not require the government to prove that Nunez also knew that his conduct was unlawful. *See* 8 U.S.C. § 1324(a)(1)(A)(ii). Since actual knowledge of unlawfulness is not an element of the mens rea of the charged crimes, the district court's refusal to omit the second sentence of the pattern instruction was entirely appropriate. *See id*.

The second error Nunez assigns concerns his unusual strategic decision to offer, during his testimony, evidence of his past crimes of purchasing and using marijuana. Relying on Federal Rule of Evidence 404(b)(2), Nunez "awkward[ly]" offered this evidence to provide the jury with an alternate explanation for the transportation services central to the conduct charged in the indictment. Though

rarely used by defendants in criminal cases, Nunez's evidentiary proffer was entirely appropriate under Rule 404(b)(2), *see, e.g., United States v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1992), and, in the ordinary course, the limiting instruction he requested and the district court declined to give would also have been appropriate. But given the overwhelming evidence in the record, and particularly given that the district court gave the jury the general instruction that it could not convict Nunez for any crime not charged in the indictment, any failure to give the Rule 404(b)(2) limiting instruction Nunez requested was harmless.

**AFFIRMED.**